UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| CHARLES F. JONES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 1:16-cv-02150-SEB-TAB |
| | ) | |
| ANDERSON COMMUNITY SCHOOL | ) | |
| CORPORATION, | ) | |
| JOSEPH CRONK, Individually and in His | ) | |
| Official Capacity as Director of Operations | ) | |
| for the Anderson Community School | ) | |
| Corporation, | ) | |
| NANCY FARLEY, Individually and in Her | ) | |
| Former Official Capacity as Director of | ) | |
| Transportation for the Anderson | ) | |
| Community School Corporation, | ) | |
| MARY ANN HEINEMAN, Individually | ) | |
| and in Her Official Capacity as Assistant | ) | |
| Director of Transportation for the Anderson | ) | |
| Community School Corporation, | ) | |
| BOARD OF SCHOOL TRUSTEES OF | ) | |
| THE ANDERSON COMMUNITY | ) | |
| SCHOOL CORPORATION, Individually | ) | |
| and in Their Official Capacities, | ) | |

Defendants.

**ORDER DENYING MOTION FOR LEAVE TO FILE BELATED RESPONSE**

**(DKT. 36)**

Plaintiff Charles F. Jones ("Plaintiff") brought this employment discrimination

action under 42 U.S.C § 1983 against the Anderson Community School Corporation ("the

School"), its Board of Trustees ("the Board"), and three of its employees ("the

Employees"), all in their individual and official capacities ("Defendants").[1] Before the

Court is Plaintiff's motion for leave to file a belated response, Dkt. 36, in opposition to

Defendants' motion to dismiss for failure to state a claim. Dkt. 23.[2] For the reasons stated

below, the motion is denied.

## Background

Plaintiff filed an initial complaint on August 11, 2016, as an action under Title VII

of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"), and under 42

U.S.C. § 1981, naming the School as the sole defendant. Dkt. 1. Defendants answered on

September 30, 2016, Dkt. 8, and moved for partial judgment on the pleadings on

November 22, 2016. Dkt. 12.

In that motion, Defendants contend that Plaintiff's Section 1981 action cannot be

maintained against the School because Section 1981 "does not create a private right of

action against state actors." Defs.' Br. Supp. (Dkt. 13), p. 2 (quoting *Campbell v. Forest

Pres. Dist.*, 752 F.3d 665, 671 (7th Cir. 2014)). Defendants might have added that

Plaintiff's Title VII claim could not be maintained against the School either because

Plaintiff alleges that he was previously an "independent, contract school bus driver" for

the School, Pl.'s Compl. ¶ 10, and "independent contractors are not protected by Title

VII." *Knight v. United Farm Bureau Mut. Ins. Co.*, 950 F.2d 377, 380 (7th Cir. 1991).

---

[1] By separate Order issued simultaneously to this ruling, the claims against the individual
Defendants have been dismissed for insufficient service of process under Rule 12(b)(5), Fed. R.
Civ. P.
[2] Defendants' underlying Rule 12(b)(6), Fed. R. Civ. P., motion is disposed of by separate Order
issued simultaneously to this ruling.

Rather than oppose Defendants' motion, Plaintiff filed his amended complaint on November 28, 2016. Dkt. 14. The amended complaint names the Board and the Employees in their individual and official capacities in addition to the School. Pl.'s Am. Compl. ¶¶ 1, 4–8. Gone are all references to Title VII or Section 1981; in their place Plaintiff pleads "unlawful[] . . . discriminat[ion] . . . on the bases of race and sex" under the Equal Protection Clause of the Fourteenth Amendment and 42 U.S.C. § 1983. *Id.* ¶ 2.

After Plaintiff filed his amended complaint, the magistrate judge set a telephonic status conference for December 8, 2016, to discuss the status of Defendants' motion for judgment on the pleadings. Dkt. 15. Plaintiff's counsel failed to appear at that conference. Dkt. 17. On December 13, 2016, the magistrate judge denied Defendants' motion as moot, made so by the amended complaint, and ordered Plaintiff's counsel to show cause why he should not be sanctioned for his failure to appear. *Id.*

On December 17, 2016, Plaintiff's counsel explained that his legal assistant had neglected to calendar the status conference. Pl.'s Resp. (Dkt. 20) ¶ 8. On January 6, 2017, the magistrate judge entered an order finding a "calendaring mishap" to be an "unacceptable" explanation. Dkt. 25. The magistrate judge ordered Plaintiff's counsel to review counsel's professional obligations as set out by the magistrate judge in an order in another case. *See id.* Plaintiff's counsel complied, Dkt. 26, thereby discharging the show-cause order. Dkt. 31.

As Plaintiff's counsel sought to avoid sanctions for the missed conference, on January 3, 2017, Defendants moved to dismiss the amended complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Dkt. 23. Defendants' filed a brief

in support of their motion the same day. Dkt. 24. Plaintiff's counsel did not respond

within the fourteen-day period allotted under our local rule. S.D. Ind. L.R. 7-1(c)(2)(A).

Twenty days later, on January 23, 2017, six days after the deadline to respond to their

motion had passed, Defendants filed a reply brief in support of their motion to dismiss,

Dkt. 30, noting Plaintiff's failure to respond, urging a finding of waiver, and restating

their arguments for dismissal.

More than a month later, and nearly two months after Defendants' motion to

dismiss was filed, on February 26, 2017, Plaintiff's counsel filed the instant motion for

leave to file a belated response. Dkt. 36. Counsel again blames a calendaring mishap. *See

id.*, Pl.'s Mot. Leave to File ¶¶ 7–9. Defendants oppose the motion as without good cause,

without excusable neglect, and, in any event, futile to rescue the amended complaint from

dismissal. Defs.' Br. Opp. (Dkt. 37), p. 2.

## Analysis

"When an act . . . must be done within a specified time, the court may, for good

cause, extend the time . . . on motion made after the time has expired if the party failed to

act because of *excusable neglect*." Fed. R. Civ. P. 6(b)(1)(B) (emphasis added). This rule

"clearly gives courts both the authority to establish deadlines and the discretion to

enforce them." *Raymond v. Ameritech Corp.*, 442 F.3d 600, 605 (7th Cir. 2006). A

district court is not merely entitled, but required, to enforce its deadlines in the interests

of speed, efficiency, and justice. *Reales v. Consol. Rail Corp.*, 84 F.3d 993, 996 (7th Cir.

1996). "We live in a world of deadlines. . . . The practice of law is no exception." *Spears

v. City of Indianapolis*, 74 F.3d 153, 157 (7th Cir. 1996).

Excusable neglect—

> is at bottom an equitable [notion], taking account of all
> relevant circumstances surrounding the party's omission.
> These include . . . the danger of prejudice to [the nonmovant],
> the length of the delay and its potential impact on judicial
> proceedings, the reasons for the delay, including whether it
> was within the reasonable control of the movant, and whether
> the movant acted in good faith.

*Raymond*, 442 F.3d at 606 (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993) (citation omitted)). Neglect due to a busy schedule is not excusable. *Keeton v. Morningstar, Inc.*, 667 F.3d 877, 883 (7th Cir. 2012). "W[e] look at not just the request itself but also what led up to the request." *Spears*, 74 F.3d at 157. Thus the movant's previously dilatory conduct weighs against him. *See id.*; *see also Blue v. Hartford Life & Accident Ins. Co.*, 698 F.3d 587, 593–95 (7th Cir. 2012).

The first *Pioneer* factor, danger of prejudice to the nonmovant, favors Plaintiff—but barely. Plaintiff counsel's lateness has occasioned the filing of one motion (to stay discovery, Dkt. 32) and three briefs (Dkt. 30, 33, 37) from Defendants on this collateral matter. *See* Defs.' Br. Opp. (Dkt. 37), p. 6. That is a cost Defendants have carried due solely to Plaintiff's lateness, and a prejudice. But Defendants have not pointed to, and we cannot perceive, any future danger of prejudice to their defense of this suit that would arise if Plaintiff's motion were granted.

The second *Pioneer* factor, length of delay, favors Defendants. Defendants' motion to dismiss was filed on January 3, 2017. Under our local rule, Plaintiff's response was due fourteen days later on January 17, 2017. S.D. Ind. L.R. 7-1(c)(2)(A). Plaintiff's counsel did not file the instant motion until February 26, 2017, fully forty days after his

response was due. In the context of the short history of this litigation, that delay is substantial. *See Morningstar*, 667 F.3d at 882 (affirming denial after 20-day delay); *Raymond*, 442 F.3d at 607 (affirming denial after 3-day delay); *Spears*, 74 F.3d at 158 (affirming denial after 24-hour delay).

The third *Pioneer* factor, reasons for the delay, strongly favors Defendants. Plaintiff's counsel faults the Court's electronic-filing notification system (or at any rate, he does not fault himself) for the fact that counsel did not receive notice by e-mail that Defendants had filed their motion to dismiss. Pl.'s Mot. Leave to File ¶ 7. But counsel concededly did receive notice by e-mail when Defendants filed their reply on January 23, 2017. *Id.* Counsel contends that, "[b]ecause the Reply did not require a response, it did not trigger an entry on counsel's calendar." *Id.* ¶ 8. Counsel fails to explain why Defendants' reply, stating counsel's failure to respond to Defendants' motion in pellucid terms, "did not require a response[.]" *Id.* The hidden premise on which this contention rests is that counsel saw, *but did not himself read*, Defendants' reply. This is surely neglect, and it is not excusable.

The fourth *Pioneer* factor, the movant's good faith, favors Plaintiff. Defendants point to no evidence of bad faith, and we see none, though we do perceive a clear pattern of inattentiveness and excuse-making.

Finally, evaluating Plaintiff's request in its total context favors Defendants in two respects: Plaintiff's previously dilatory conduct and Plaintiff's substantively inappropriate proposed response. First, Plaintiff's counsel's failure to respond to Defendants' motion arose in the midst of counsel's attempt to discharge the magistrate

judge's order to show cause why counsel should not be sanctioned for his failure to appear at the December 8, 2016, status conference. *Compare* Dkt. 23 (Defendants' motion to dismiss, filed Jan. 3, 2017) *with* Dkt. 20 (Plaintiff's counsel's response to show-cause order, filed Dec. 17, 2016), Dkt. 26 (Plaintiff's counsel's notice to Court of his compliance with magistrate judge's ordered remedy, filed Jan. 10. 2017); *see also* Defs.' Br. Opp. (Dkt. 37), p. 5 ("It is indeed astonishing that [Plaintiff's] counsel explains that he failed to calendar his response deadline in the midst of responding to a show cause order involving a calendar mishap." (emphasis omitted)). We note too counsel's failure timely to serve process on the individual Defendants named in the amended complaint, drawing a second motion to dismiss from Defendants.[3]

Second, the proposed response inappropriately attempts to evade the statute of limitations defense raised by Defendants' motion to dismiss by attempting to recast Plaintiff's constitutional equal protection claim as a claim for a violation of Section 1981, which, with regard to claims resting on the 1991 amendments to that statute, *see* 42 U.S.C. § 1981(b), affords a more generous limitations period. *Compare Devbrow v. Kalu*, 705 F.3d 765, 767 (7th Cir. 2013) (two-year period for Section 1983 actions arising in Indiana), *with Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 383 (2004) (four-year period for as-amended Section 1981 actions).

Plaintiff's is not a Section 1981 action, plain and simple. "[Plaintiff] sues the Defendants pursuant to 42 U.S.C. § 1983, for unlawfully depriving [Plaintiff] of his

---

[3] Defendants' motion to dismiss under Rule 12(b)(5), Fed. R. Civ. P. (Dkt. 38), is disposed of by separate Order. *See* fn. 1 *supra*.

rights, guaranteed by the Fourteenth Amendment to the Constitution, by discriminating against him on the bases of race and sex." Pl.'s Am. Compl. (Dkt. 14) ¶ 2. Even if the allegations in the amended complaint could be read to state a Section 1981 action, the amended complaint gives Defendants no notice that Plaintiff seeks relief under that statute. *But see Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) (Fed. R. Civ. P. 8 entitles defendant to notice of claim pleaded). This is particularly so since Plaintiff expressly pleaded a Section 1981 claim in his initial complaint, Pl.'s Compl. (Dkt. 1) ¶ 1, while expressly pleading only a constitutional claim in his amended complaint. Plaintiff's counsel will not succeed in his end-run around the statute of limitations by engaging in an end-run around the pleading requirements of Rule 8, Fed. R. Civ. P., or by an end-run around the timing requirements of our local rule. S.D. Ind. L.R. 7-1(c)(2)(A).

We find that the excusable-neglect analysis redounds to Defendants' favor, outweighing the factors in Plaintiff's favor, that Plaintiff's neglect was not excusable, and that Plaintiff's motion should be and therefore is DENIED.

IT IS SO ORDERED.


Date: __9/28/2017____                    _Sarah Evans Barker_____

                                         SARAH EVANS BARKER, JUDGE
                                         United States District Court
                                         Southern District of Indiana

Distribution:

Jonathan Lamont Mayes
BOSE MCKINNEY & EVANS, LLP
jmayes@boselaw.com

Mark Wohlford

BOSE MCKINNEY & EVANS, LLP
mwohlford@boselaw.com

Jay Meisenhelder
JAY MEISENHELDER EMPLOYMENT & CIVIL RIGHTS LEGAL SERVICES PC
jaym@ecrls.com