UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| CHARLES F. JONES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 1:16-cv-02150-SEB-TAB |
| | ) | |
| ANDERSON COMMUNITY SCHOOL CORPORATION, | ) ) | |
| JOSEPH CRONK, Individually and in His Official Capacity as Director of Operations for the Anderson Community School Corporation, | ) ) ) ) | |
| NANCY FARLEY, Individually and in Her Former Official Capacity as Director of Transportation for the Anderson Community School Corporation, | ) ) ) ) | |
| MARY ANN HEINEMAN, Individually and in Her Official Capacity as Assistant Director of Transportation for the Anderson Community School Corporation, | ) ) ) ) | |
| BOARD OF SCHOOL TRUSTEES OF THE ANDERSON COMMUNITY SCHOOL CORPORATION, Individually and in Their Official Capacities, | ) ) ) ) | |
| Defendants. | | |

**ORDER ON MOTION TO DISMISS FOR INSUFFICIENT SERVICE OF PROCESS (DKT. 38)**

Plaintiff Charles F. Jones ("Plaintiff") brought this employment discrimination action under 42 U.S.C § 1983 against the Anderson Community School Corporation ("the School"), its Board of Trustees ("the Board"), and three of its employees ("the Employees"), all in their individual and official capacities ("Defendants"). Currently

pending before the Court is Defendants' motion to dismiss for insufficient service of process on the individual Defendants under Federal Rule of Civil Procedure 12(b)(5).[1] For the reasons below, the motion is granted. The individual Defendants, to wit, the members of the Board and the Employees in their individual capacities, are dismissed without prejudice.

## **Background**

Plaintiff filed his initial complaint on August 11, 2016, naming the School as the sole defendant. Dkt. 1. Plaintiff served the School and made proof of service on August 12, 2016. Dkt. 3. On November 28, 2016, Plaintiff filed an amended complaint, naming all the above-captioned Defendants. Dkt. 14. Plaintiff has never served process on the Board members or the Employees, nor requested waiver of service.

On March 3, 2017, Defendants filed the instant motion to dismiss. Dkt. 38. Plaintiff did not oppose it, but filed a "Motion for Leave to Serve Summonses Within 20 Days" on March 10, 2017. Dkt. 40. Defendants opposed Plaintiff's motion. Dkt. 42. At a status conference on June 1, 2017, "[b]y agreement, Plaintiff withdrew the motion for

---

[1] Defendants moved separately to dismiss the official-capacity claims under Rule 12(b)(6), Fed. R. Civ. P., on January 3, 2017. Dkt. 23. That motion is disposed of by separate Order issued simultaneously to this ruling.

leave to serve summons." Dkt. 46. Defendants' instant motion therefore remains unresolved and unopposed. We resolve it here.

## Analysis

"If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). The 90-day period for service after the amended complaint was filed expired long ago, on Monday, February 27, 2017, to be precise. *See* Fed. R. Civ. P. 6(a)(1). No service was made on the individual Defendants within that period.

By voluntarily withdrawing his motion for leave to serve summonses, Plaintiff appears to have abandoned his interest in perfecting service on the individual Defendants, and he has not opposed Defendants' instant motion to dismiss.

Defendants' motion is therefore GRANTED and the individual Defendants, to wit, the members of the Board and the Employees in their individual capacities, are DISMISSED WITHOUT PREJUDICE.

IT IS SO ORDERED.

Date: 9/28/2017

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Jonathan Lamont Mayes
BOSE MCKINNEY & EVANS, LLP
jmayes@boselaw.com

Mark Wohlford
BOSE MCKINNEY & EVANS, LLP
mwohlford@boselaw.com

Jay Meisenhelder
JAY MEISENHELDER EMPLOYMENT & CIVIL RIGHTS LEGAL SERVICES PC
jaym@ecrls.com